# King v. Walker.

March 1, 1949.

Trimble & Trimble for appellant.

Henard & Hanratty for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment granting the appellee, W. B. Walker, the right to use a passway through the land of J. F. King. Mr. Walker and his wife lived on a tract of land in which the latter owns a life estate, and which lies between Mr. King's land and two small tracts owned by Mr. Walker. Mrs. Walker was reared by Mr. King's grandfather and, upon his death in 1924, his heirs gave her the life interest in the property. Since 1924 she and her husband have used the disputed way as their means of ingress and egress. Mr. Walker purchased one of his tracts in 1930 and the other in 1936. There has been very little travel to one of the tracts over the disputed way and some 15 or 20 years ago a roadway was opened which made another outlet available to the other tract.

Considerable evidence was offered by each party in support of his contentions and the chancellor viewed the premises. He adjudged that the appellee was entitled to the use of the disputed way as it now exists and that the appellant can maintain the four gates now in existence.

As is usual in such cases, there is considerable conflict in the proof as to the character and the extent and

duration of the use of the passway. In brief, the proof for the appellee tends to show that for a number of years prior to and beyond the turn of the present century the way was used as a public passway in going to and from the land owned by the appellee and points beyond. The use was by prescription rather than permission, and the prescriptive right of the public to use the way was never abandoned. On the other hand, the testimony for the appellant showed that the passway was used only by permission of the appellant and his predecessors in title; that the public had never acquired a prescriptive right to use the way and if it ever had done so that right had long since been abandoned; and that the appellee had another outlet to his property.

In the case of Maloney v. Bedford, 290 Ky. 647, 162 S.W.2d 198, it was held that, where a prescriptive right to use a passway had once been acquired by the plaintiff through the defendants' land, evidence of the permissive use thereafter would not operate to defeat plaintiff's right of user, because a right once acquired by adverse user could be lost only in the same manner.

In cases such as this one it is our custom to follow the ruling of the chancellor where we have no more than a doubt as to the correctness of his ruling, and, especially so, where he has viewed the premises.

Judgment affirmed.